10-5075-ag
Muriqi v. Holder

BIA
Hom, IJ
A089 009 170

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> DENNY CHIN,
>> *Circuit Judges*.

_____

ENVER MURIQI,
> *Petitioner*,

> v.          10-5075-ag
> NAC

ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      Joshua Bardavid, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Jamie M. Dowd, Senior Litigation Counsel; Yanal Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Enver Muriqi, a native of the former Yugoslavia and a citizen of Kosovo, seeks review of a November 30, 2010 order of the BIA, affirming the June 4, 2009 decision of an Immigration Judge denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Enver Muriqi*, No. A089 009 170 (B.I.A. Nov. 30, 2010), *aff'g* No. A089 009 170 (Immig. Ct. N.Y. City June 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Muriqi failed to satisfy his burden of proof with regard to establishing his

eligibility for asylum.  As to past persecution, the agency reasonably concluded that Muriqi did not meet his burden of showing that he suffered attacks at the hands of either state actors or private actors that "the government [was either unable] or unwilling to control," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).  In particular, Muriqi provided no corroborating evidence to support his assertion that Albanian extremist elements controlled the local police forces.  This lack of corroboration is especially relevant in light of the fact that Muriqi asserts he was physically attacked, threatened, and harassed on the basis of his membership in the Democratic League of Kosovo ("DLK") -- the political party that Muriqi concedes "had political control of Kosovo" during the period in which he alleged these events occurred.

The agency also reasonably determined that Muriqi failed to establish a well-founded fear of future persecution.   As the agency found, the U.S. Department of State's 2008 Country Report on Human Rights Practices for Kosovo indicates that "there were no reports of politically motivated attacks and threats against Kosovo Albanian political figures," and that "individuals generally could

3

criticize authorities publicly or privately without reprisal." Although Muriqi presented some evidence of political and sectarian violence in Kosovo, this evidence relates to the protests that occurred immediately prior to Kosovo's declaration of independence from Serbia, and therefore did not conflict with the agency's finding that the newly-independent Kosovar regime generally respects the political rights and freedoms of its citizens. Moreover, the agency reasonably accorded diminished weight to an expert affidavit relied on by Muriqi. While the affidavit provides a general overview of Kosovo's socio-political infrastructure and discussed shortcomings in Kosovo's criminal justice system, it did not provide a particularized analysis of the specific dangers that Muriqi might encounter in present-day Kosovo because of his membership in the DLK. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the immigration judge).

Finally, the BIA did not abuse its discretion in denying Muriqi's application for humanitarian asylum. As discussed above, Muriqi did not meet his burden of

4

establishing a well-founded fear or future persecution, and so cannot show that he "may suffer . . . serious harm" if removed. *See Kone v. Holder*, 596 F.3d 141, 146 (2d Cir. 2010) (internal citation omitted). Moreover, Muriqi provided no evidence of any "long-lasting physical or mental effects" resulting from the attacks and harassment he allegedly suffered in Kosovo. *See Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007).

Finally, because Muriqi failed to meet his burden of proving his eligibility for asylum, he necessarily also failed to meet the higher burden for withholding of removal, as his applications for both forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

<div style="margin-left: 40%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>